# Exhibit A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | RECEIVED FEB 20 2020 | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | SUMMONS | CASE NO.<br>20-0651-NO |

| Court address | Court telephone no. |
|---|---|
| 40 N. Main Street, Mt. Clemens, MI 48043 | 586.469.5351 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| ORLANDO RAMSEY | v | SPEEDWAY, LLC, A Foreign Limited Liability Company |

Plaintiff's attorney, bar no., address, and telephone no.
Brian E. Muawad (P41209)
Law Offices of Brian E. Muawad, P.C.
22330 Greater Mack Ave.
St. Clair Shores, MI 48080
(586) 778-8570/Fax: (586) 778-6633

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court and** serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| FEB 13 2020 | MAY 14 2020 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (6/19) **SUMMONS**                                                                 MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

RECEIVED FEB 13 2020

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

ORLANDO RAMSEY, An Individual,

    Plaintiff,

vs.

SPEEDWAY, LLC, A Foreign Limited Liability Company,

    Defendant.
_____/

Case Number: 20-0651 -NO
Hon. JAMES M. MACERONI

BRIAN E. MUAWAD (P41209)
Law Offices of Brian E. Muawad, P.C.
Attorney for Plaintiff
22330 Greater Mack Avenue
St. Clair Shores, Michigan 48080
(586) 778-8570/Fax: (586) 778-6633

_____/

**RECEIVED**

FEB 1 3 2020

FRED MILLER
Macomb County Clerk

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

_____
Brian E. Muawad (P41209)

NOW COMES the Plaintiff, by and through his attorney, BRIAN E. MUAWAD, P.C. and complaining against the above-named Defendant, states as follows:

### COUNT 1- GENERAL AVERMENTS

1. That at all times pertinent hereto, Plaintiff ORLANDO RAMSEY was a resident of the City of Detroit, County of Wayne, State of Michigan.

1

2. Defendant, SPEEDWAY, LLC, is a Foreign Limited Liability Company, is duly authorized and organized to regularly conduct business under the laws of the State of Michigan within the County of Macomb.

3. That at all times pertinent hereto, Defendant owned, operated, maintained and/or controlled the premises located at: 6082 12 Mile Road, Warren, Michigan, where the cause of action complained of arose.

4. That on or about the 19th day of September 2019, Plaintiff was a business invitee of Defendant and was injured on Defendant's premises when he slipped and fell on a wet floor.

5. On or about said date, Defendant, was the owner, possessor and/or otherwise in control of and/or charged with the care and maintenance of said premises, and on or about said date at said time, Defendant's premises was open to the general public, and the general public was invited to Defendant's premises.

6. When Plaintiff was injured at Defendant SPEEDWAY, LLC'S premises, Plaintiff was without any knowledge of the dangerous and unsafe conditions of Defendant's premises.

7. The amount in controversey herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT 11- NEGLIGENCE OF DEFENDANTS

8. Plaintiff relleges and incorporates by reference herein all of the preceding paragraphs as though more fully set forth herein.

9. On said date at said time, a hazardous and dangerous condition existed on the premises of Defendant, to wit: a slippery floor inside Defendant's store thereby injuring the Plaintiff, which was caused to be in exsistence as a result of the Defendants, the condition of which was not readily apparent upon casual inspection as a result of, among others, the dangerous condition to wit: a wet, slippery floor, was unreasonably dangerous and effectively unavoidable.

10. That Defendants by and through its agents, servents and/or emplyees, owed Plaintiff certain duties, that Defendant violated those duties, and that the violations consisted of, but were not limited t, the following acts of negligence, carelessness and recklessness on the part of the Defendants:

    A. After knowing of the dangerous and hazardous conditions existing on Defendant's premises, Defendant failed to correct same and/or warn of the dangerous conditions.

    B. Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Defendant's premises.

    C. Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the Defendants, their agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.

    D. Failed to instruct all of its agents, servants, and/or employees on the proper care and maintenance of its premises, and/or reporting of dangerous and/or hazardous conditions on Defendant's premises.

    E. Failed to provie rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Defendant premises

    F. Failed to provide a safe and suitable place for those who encountered Defendant's premises to walk safely.

Muawad &
Muawad, P.C.
19530 Gienler Huck
St. Clair Shores, Michigan 48080
Ph: (586) 778-8570
Fax: (586) 778-0635

3

      G.      Failed to construct the premises in a manner suitable and safe under circumstances.

      H.      Failed to obtain and provide adequate and proper maintenance and inspection of Defendant's floor that same would be in a reasonably safe condition for Defendant's invitees and all others who encountered Defendant's premises.

      I.      Failed to obtain and provide for the adequate and proper maintenance and inspection of Defendant's premises so that conditions would be readily apparent to invitees and/or tenants upon casual inspection and would be readily apparent to all others who encountered Defendant's premises.

      J.      Failed to observe all the duties of care imposed upon Defendants by the statutes of the State of Michigan, Ordinances of the City in which Defendant's premises is located and the common law in such case made and provided.

      K.      Others to be determined as discovery reveals.

11.      That as a direct result of Defendant's neglience, Plaintiff suffered injuries as alleged herein.

12.      As a direct and proximate result of the negligence of DefendantS as aforesaid the injured Plaintiff sustained:

      A.      Severe bodily injuries to his back, arms, ribs, hands, knees, legs, shoulders and feet; which were painful, disabling, and necessitated medical care.

      B.      Shock and emotional damage.

      C.      Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions.

      D.      Inability to attend to the Plaintiff's usual affairs and render services as formerly.

      E.      Hamperment in the enjoyment of the normal pursuit of life as before.

Muawad &
Muawad, P.C.
2350 Grenier Mack
S. Clair Shores, Michigan 48080

Ph: (586) 778-8570
Fax: (586) 778-0655

  F. Injuries which are permanent to the degree that Plaintiff suffered a loss in ablity to earn money as before, and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of the negligence as hereinbefore alleged.

  G. Others to be determined as discovery reveals.

13. As a direct and proximate result of the negligence of Defendants and the resulting injuries to Plaintiff, the Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

14. As a direct and proximate result of the negligence of Defendants, Plaintiff has been compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future, may be required ro expend and become obligated for large sums of money for medical care, attention and supplies for treatment and aforesaid injuries sustained. Plaintiff incurred out-of-pocket expenses.

WHEREFORE, Plaintiff prays for a judgement against Defendant, SPEEDWAY, LLC, and award damages in whatever amount Plaintiff is found to be entitled; and for the penalties and Plaintiff's actual attorney fees, as provided for by statute, plus interest and costs.

Respectfully submitted,

Law-Offices of Brian E. Muawad, P.C.

**Muawad &**
**Muawad, P.C.**
22350 Greater Mack
St. Clair Shores, Michigan 48080
Ph: (586) 778-8570
Fax: (586) 778-0635

BRIAN E. MUAWAD (P 41209)
Attorney for Plaintiff
(586) 778-8570

Dated: January 31, 2020

5